IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TONY J. WALTON,

      Petitioner,

v.                                             **Case No. 2:15-cv-11423**

DAVID BALLARD, Warden,
Mt. Olive Correctional Complex,

      Respondent.

## MEMORANDUM OPINION and ORDER

Pending before the Court is Petitioner's Motion for Appointment of Counsel and Motion for Evidentiary Hearing, (ECF No. 2). Petitioner requests that the Court appoint him counsel for "discovery purposes" and asserts that appointment of counsel is in the interest of justice. (*Id.* at 2). Additionally, Petitioner argues that an evidentiary hearing is necessary to establish his actual innocence. (*Id.*) Petitioner claims that he would present three (unidentified) alibi witnesses at the hearing. (*Id.*) He also insists that the testing of certain physical evidence found at the crime scene should occur before any evidentiary hearing, so that the results may be produced at the hearing. (*Id.*)

In regard to Petitioner's request for appointment of counsel, the law is well-settled that a habeas petitioner has no constitutional right to counsel. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1990). The Criminal Justice Act, 18 U.S.C. § 3006A, authorizes the United States District Court to appoint counsel to represent financially eligible individuals in actions brought pursuant to 28 U.S.C. § 2254,

"whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). An analogous standard is set forth in 28 U.S.C. § 1915(e)(1), which governs the appointment of counsel for indigent litigants in civil actions. In both circumstances, the matter is left to the sound discretion of the court. As a general rule, habeas petitioners and indigent civil litigants are only provided counsel in "exceptional circumstances." *See, e.g., Rice v. Riley,* No. 4:13–3049–TMC, 2014 WL 5524461, at *1 (D.S.C. Oct. 31, 2014). When determining whether to appoint counsel, the court should consider several factors, including (1) the type and complexity of the case; (2) the ability of the petitioner to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g., Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. United States Dist. Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994). According to the Eighth Circuit Court of Appeals:

> The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition. The appointment of counsel is discretionary when no evidentiary hearing is necessary. In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel.

*Hoggard,* 29 F.3d at 471.

In this case, Petitioner has previously filed a direct appeal, a state habeas petition, and an appeal of the state habeas court's decision. Accordingly, the issues raised by Petitioner have been well-briefed in the past, and Petitioner can use those documents to provide guidance in this action. Moreover, Petitioner appears capable of presenting of his

arguments as he has adequately briefed his claims in his numerous *pro se* filings. In addition, at this juncture, the grounds asserted by Petitioner do not merit an evidentiary hearing. Accordingly, because Petitioner fails to demonstrate exceptional circumstances that justify the appointment of counsel, the undersigned **DENIES** his request for appointment of counsel.

As for Petitioner's request for an evidentiary hearing, the Supreme Court has recognized that the decision to grant an evidentiary hearing on a § 2254 petition is within the discretion of the district court, so long as the petitioner is not barred from obtaining an evidentiary hearing pursuant to § 2254(e)(2). *Schriro v. Landrigan*, 550 U.S. 465, 468, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). With respect to conducting evidentiary hearings in § 2254 cases, subsection (e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). "Diligence for purposes of the opening

clause [of § 2254(e)(2)] depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court . . . ." *Id.* at 435. "If the petitioner was diligent in pursuing the claim in state court, he cannot have 'failed to develop' the claim, and § 2254(e)(2) does not bar an evidentiary hearing." *Wolfe v. Johnson*, 565 F.3d 140, 167 (4th Cir. 2009) (quoting *Williams*, 529 U.S. at 430). The Fourth Circuit has held that, where § 2254(e)(2) "does not proscribe an evidentiary hearing . . . a § 2254 petitioner 'who has diligently pursued his habeas corpus claim in state court is entitled to an evidentiary hearing in federal court, on facts not previously developed in the state court proceedings, if the facts alleged would entitle him to relief, and if he satisfies one of the six factors enumerated by the Supreme Court in *Townsend v. Sain*, [372 U.S. at 313].'"[1] *Wolfe*, 565 F.3d at 168-69 (quoting *Conaway v. Polk*, 453 F.3d 567, 582 (4th Cir.2006)). However, "'[a]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record.'" *Flippo v. McBride*, No. 5:05-cv-00765, 2009 WL 1543915, at *7 (S.D.W.Va. May 29, 2009) (quoting *Schriro*, 550 U.S. at 474). Furthermore, the Fourth Circuit has recognized that in § 2254 cases, "'federal evidentiary hearings ought to be the exception, not the rule.'" *Winston v. Kelly*, 592 F.3d 535, 552 (4th Cir. 2010) (quoting *Pike v. Guarino*, 492 F.3d 61, 70 (1st Cir. 2007)). Finally, it is worth noting that when analyzing a state court's rejection of a state prisoner's claim under § 2254(d)(1) (whether the state court's decision was contrary to, or an unreasonable application of, clearly established federal law), a federal habeas

---

[1] The Supreme Court held in *Townsend* that a federal court must grant an evidentiary hearing to a habeas petitioner if: "(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing." 372 U.S. at 313.

court is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, ____ U.S. ____, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011).

In this case, Petitioner has yet to provide any evidence or argument that would lead the Court to conclude that further factual development of his claims at an evidentiary hearing is required. For instance, Petitioner claims that three alibi witnesses, who did not testify at Petitioner's trial, would testify at an evidentiary hearing in this Court. However, Petitioner fails to identify those witnesses, describe the substance of their testimony, or supply their affidavits. Without that information, the Court cannot determine whether Petitioner meets the standard for § 2254(e)(2) or, if § 2254(e)(2) is inapplicable, whether Petitioner meets the requirements for an evidentiary hearing described in *Wolfe*. Consequently, the undersigned **DENIES** Petitioner's request for an evidentiary hearing, **without prejudice** to Petitioner's ability to refile a motion for an evidentiary hearing in light of the standards set forth above.

For the aforementioned reasons, Petitioner's Motion for Appointment of Counsel and Motion for Evidentiary Hearing, (ECF No. 2), is **DENIED**.

The Clerk is instructed to transmit a copy of this Order to Petitioner and counsel of record.

**ENTERED:** December 9, 2015

Cheryl A. Eifert
United States Magistrate Judge

5