IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TONY J. WALTON,

        Petitioner,

v.                            CIVIL ACTION NO. 2:15-cv-11423

DAVID BALLARD,
      Warden

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Tony J. Walton's ("Petitioner") petition pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"), (ECF No. 1), Respondent's Motion to Dismiss the Petition as Untimely (ECF No. 11), Petitioner's Motion for Partial Summary Judgment (ECF No. 16), and Petitioner's Motion for Post-Conviction Bond (ECF No. 23). On July 22, 2015, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations for disposition ("PF&R"). (ECF No. 3). On January 25, 2016, Magistrate Judge Eifert filed her PF&R (ECF No. 24), recommending that this Court grant the Motion to Dismiss, deny the Motion for Partial Summary Judgment, deny the Motion for Post-Conviction Bond, and deny and dismiss the § 2254 Petition.[1]

---

[1] Magistrate Judge Eifert's recommendation for denial of the Partial Summary Judgment and Post-Conviction Bond Motions is based in part on her recommendation that the Petition be dismissed as untimely. However, with respect to Petitioner's Motion for Partial Summary Judgment (ECF No. 16), Petitioner failed to file an accompanying memorandum as required by the Southern District of West Virginia's Local Rules of Civil Procedure. Rule 7.1(a)(2), which applies to motions for summary judgment, provides that "[i]f a memorandum is not submitted as required by this rule or by the court, the motion will be denied without prejudice." L.R. Civ. P. 7.1(a)(2). Accordingly, that Motion (ECF No. 16) is **DENIED WITHOUT PREJUDICE** and Petitioner is directed to include an accompanying

Objections to the PF&R were due by February 11, 2016, and Petitioner timely filed objections on February 8, 2016 ("Objections"). (ECF No. 25.)

For the reasons discussed herein, the Court **SUSTAINS** the Objections, **DECLINES TO ADOPT** the PF&R, **DENIES** the Motion to Dismiss, **DENIES WITHOUT PREJUDICE** the Motion for Partial Summary Judgment, **DENIES** the Motion for Post-Conviction Bond, and **RE-REFERS** this matter to the Magistrate Judge for further submission of proposed findings and recommendations for disposition.

## *I. BACKGROUND*

On December 11, 2009, Petitioner was found guilty of one count of first-degree robbery and one count of assault during the commission of a felony after a jury trial in the Circuit Court of Fayette County, West Virginia. (ECF No. 13-1 at 384.) On January 26, 2010, Petitioner was sentenced to 50 years' imprisonment for the robbery and 2 to 10 years' imprisonment for the assault. (ECF No. 13-2 at 24.) On March 26, 2010, Petitioner, by counsel, filed a Motion for Discretionary Reconsideration of his fifty-year sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. (ECF No. 21-1 at 2.) The circuit court denied this motion on March 30, 2010. (ECF No. 21-2 at 2.) Petitioner filed a direct appeal with the Supreme Court of Appeals of West Virginia ("WVSCA") on June 14, 2010, and the WVSCA denied his appeal

---

memorandum with any future motions for summary judgment. The Court also notes that Petitioner should attach to the motion all exhibits upon which it relies. With respect to Petitioner's Motion for Post-Conviction Bond (ECF No. 23), in addition to her reasoning that the motion should be denied based on her finding that the Petition was untimely, Magistrate Judge Eifert recommended denial based on Petitioner's failure to demonstrate grounds for bail. In order to be released on bail pending a collateral attack on his conviction, Petitioner "must show substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." *United States v. Eliely*, 276 F. App'x 270, 270 (4th Cir. 2008) (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)). A review of Petitioner's Motion shows that it fails to establish the high probability of success on his constitutional claims, and does not even address why a grant of bail would be necessary for habeas relief to be effective. Accordingly, the Motion for Post-Conviction Bond (ECF No. 23) is **DENIED**.

by an order entered September 22, 2010. (ECF No. 13-5 at 2.) As Petitioner did not seek a writ of certiorari before the United States Supreme Court within 90 days, the state court decision became final on December 22, 2010, the first day after the expiration of his opportunity to seek United States Supreme Court review. Sup. Ct. R. 13.1.

On August 17, 2011,[2] Petitioner filed a *pro se* motion "pursuant to rule 35 a of West Virginia Rules of Criminal Procedure" with the Circuit Court of Fayette County ("Rule 35 Motion"), asking for a reduction or modification of his sentence. (ECF No. 21-3, at 2.) The circuit court never issued a ruling on this motion. (ECF No. 15-1 at 7.)

On June 18, 2012, Petitioner, through counsel, filed a state habeas petition directly with the WVSCA, which the WVSCA dismissed on September 20, 2012, without prejudice to Petitioner's ability to re-file in circuit court. (ECF No. 13-6 at 2.) Petitioner re-filed this petition in the Circuit Court of Fayette County, West Virginia, on October 29, 2012, and that court denied and dismissed the petition on February 3, 2014. (ECF No. 13 at 2, 78.) Petitioner appealed this decision to the WVSCA, which denied the appeal in a memorandum decision on February 9, 2015. (ECF No. 13-8 at 2-3.)

Petitioner then filed his § 2254 petition with this Court on July 22, 2015. Respondent filed an answer and the Motion to Dismiss on October 15, 2015. Magistrate Judge Eifert filed the PF&R on January 25, 2016, recommending dismissal on the ground that the § 2254 Petition was untimely. Petitioner timely filed his Objections on February 8, 2016.

---

[2] Petitioner uses several different filing dates when discussing this motion; the motion itself is dated August 11, 2011, but the docket sheet for the Circuit Court of Fayette County lists the motion as filed on August 17, 2011. For the purposes of this disposition, the difference is irrelevant.

## *II. LEGAL STANDARD*

The Federal Magistrates Act requires the district court to make a *de novo* review upon the record of any portion of the proposed findings and recommendations to which written objections have been made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Conversely, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50, (1985). In reviewing those portions of the PF&R to which Petitioner objected, this Court will consider the fact that Petitioner is acting *pro se*, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## *III. DISCUSSION*

Petitioner objects to Magistrate Judge Eifert's proposed finding that the § 2254 Petition was untimely. His objection is based only on the argument that his Rule 35 Motion, which remains pending, tolled § 2244's limitations period, making the § 2254 Petition timely when filed on July 22, 2015. Based on the Court's interpretation of that motion, the Court finds that dismissal of the § 2254 Petition is improper and re-referral to Magistrate Judge Eifert is appropriate.

Under AEDPA, persons in state custody face a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). Though this statute provides four possible dates upon which this period can begin to run, in this case the PF&R determined, without objection, that § 2244(d)(1)(A) controls and the one-year period began to run on the date Petitioner's state judgment became final upon the expiration of time for seeking direct review. (ECF No. 24 at 14-16.) Because Petitioner's direct appeal was denied by the WVSCA on September 22, 2010,

4

Petitioner's one-year limitations period started to run on December 22, 2010, when his state court judgment became final.[3] However, AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The United States Supreme Court has defined "collateral review" broadly for the purposes of AEDPA tolling as "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011). The Court found in that case that a motion to reduce a sentence made under Rhode Island's Rule 35 of Criminal Procedure qualified as "collateral review" for the purposes of § 2244.[4] *See id.* at 553-56. The Supreme Court determined that such an application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filing." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Court noted that these rules for filing an application include "the time limits upon its delivery." *Id.* The Court distinguished conditions to filing, such as time limits, from "condition[s] to obtaining relief," such as procedural bars to the actual claims in the application. *Id.* at 8-11; *see also Harris v. Dir., Virginia Dep't of Corr.*, 282 F. App'x 239, 242 (4th Cir. 2008) ("In other words, under *Artuz* the question of whether [the relief sought] was ultimately available to [the petitioner] under [state] law is simply not relevant to determining whether his application for [collateral] relief tolled the limitations period under § 2244(d)(2).").

---

[3] The one-year limitation period commences the day after the event triggering the period. Fed. R. Civ. P. 6(a)(1)(A).
[4] Though the Fourth Circuit squarely held that a motion made under Rule 35(b) of the West Virginia Rules of Criminal Procedure does not toll AEDPA's statute of limitations, there appears to be little question that *Wall* abrogates that ruling. *Walkowiak v. Haines*, 272 F.3d 234, 236 (4th Cir. 2001) abrogated by *Wall v. Kholi*, 562 U.S. 545, (2011); *see also Turner v. Ballard*, No. 5:15CV66, 2015 WL 4477816, at *3 (N.D. W. Va. July 22, 2015) (recognizing that a Rule 35 Motion tolls AEDPA's limitations period).

Petitioner's argument that the § 2254 Petition was timely relies on the tolling mechanism of § 2244(d)(2). Petitioner asserts that his Rule 35 Motion in the Circuit Court of Fayette County, West Virginia, is a properly filed application for collateral review, and as a result, the statute of limitations for filing his § 2254 petition has been tolled since the filing of that motion. (ECF No. 15 at 2-3.) However, the PF&R concludes that Petitioner's Rule 35 Motion was not timely, and was thus not "properly filed" as required to trigger the tolling provision of § 2244(d)(2). (ECF No. 24 at 19.)

Petitioner and the PF&R's contrary positions on whether the Rule 35 Motion tolled the limitations period stem from opposing interpretations of the motion under the two subsections of Rule 35. Rule 35 of the West Virginia Rules of Criminal Procedure provides:

> (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence.
>
> (b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

W. Va. R. Crim. P. 35. In his briefing, Petitioner characterizes his Rule 35 Motion as a Rule 35(a) motion, and argues that because it was filed within a year of his state judgment becoming final, it tolled the § 2244(d)(2) statute of limitations. (ECF No. 15 at 2-3.) As subsection (a) provides that the court may correct an illegal sentence "at any time," if Petitioner's Rule 35 Motion was filed under that subsection, there would be no issue as to its timeliness. The PF&R acknowledges

6

that a Rule 35(a) motion would toll the statute of limitations, but concludes that Petitioner's Rule 35 Motion is properly characterized as a Rule 35(b) motion. (ECF No. 24 at 17.) The PF&R correctly concludes that a Rule 35(b) motion filed in August 2011 would have been well outside of the 120-day window for filing provided in that subsection, given that the WVSCA denied Petitioner's appeal in September 2010. (*Id.* at 18-19.) Thus, the sole issue before this Court is determining whether the Rule 35 motion is properly characterized under subsection (a) or (b).

Petitioner's contention that his Rule 35 Motion is properly categorized as a Rule 35(a) motion relies on two primary arguments: (1) the motion cites explicitly to Rule 35(a), and (2) Petitioner amended the motion in August 2015,[5] requesting credit against his sentence for 53 days served.[6] (ECF No. 25 at 3.) Only the former argument is relevant for the determination of whether Petitioner's motion was timely, and thus capable of tolling the habeas statute of limitations. If the PF&R's conclusion that the Rule 35 Motion is properly construed as a Rule 35(b) motion is correct, making it untimely and improperly filed, Petitioner's period of limitations would have long since expired before his attempt to amend the motion. However, if the Rule 35 Motion is properly construed as a Rule 35(a) motion, it would have triggered § 2244(d)(2)'s tolling period when filed, making the August 2015 amendment irrelevant with respect to the tolling argument. Thus, only Petitioner's argument that the Rule 35 Motion was a Rule 35(a) motion when initially filed will be addressed.

---

[5] Petitioner attempted to amend the Rule 35 Motion via a submission to the Fayette County Circuit Court on August 7, 2015. The PF&R asserts that this amendment was an improper attempt to amend the claims of the motion in order to toll § 2244(d)(2)'s limitations period. However, as discussed below, the § 2254 Petition's timeliness hinges entirely on whether Petitioner's Rule 35 Motion is categorized as a Rule 35(a) or Rule 35(b) motion; the propriety of this amendment has no bearing on the ultimate disposition of this issue, so it will not be addressed in detail.

[6] In the Objections, Petitioner also suggests that the Rule 35 Motion could be construed as a state habeas petition, which would also toll AEDPA's statute of limitations. Given that the Court declines to recharacterize the Rule 35 Motion, this argument is unnecessary to address.

7

The PF&R concludes that Petitioner's Rule 35 Motion should be construed as a Rule 35(b) motion because the relief requested in that motion is of the variety properly requested under that subsection. The remedy available under subsection (a), "Correction of Sentence," is appropriate when a sentencing court imposes a sentence not authorized by law. *See State v. Tex B.S.*, 778 S.E.2d 710, 712, 717 (W. Va. 2015) (noting that Rule 35(a) relief was appropriate where the defendant was sentenced to an indeterminate sentence of 25-100 years under an incorrect statute, when the proper statute provided for a maximum sentence of 35 years); *State v. Donald B.*, No. 13–1205, 2015 WL 3751987 at *2-3 (W. Va. June 15, 2015) (memorandum decision) (affirming circuit court's application of Rule 35(a) in re-sentencing a defendant under proper statute after a sentence to an enhanced prison term based on an incorrect statute had been vacated). In contrast, a Rule 35(b) motion for reduction of sentence "is essentially a plea for leniency from a presumptively valid conviction." *State v. Head*, 480 S.E.2d 507, 515 (W. Va. 1996) (Cleckley, J, concurring); *see State v. Arbaugh*, 595 S.E.2d 289, 294 (2004) (per curiam) (reversing circuit court's denial of a Rule 35(b) motion based on considerations such as the defendant's extremely difficult life and the success rate of his proposed rehabilitation program, even though defendant was properly sentenced to imprisonment for his conviction).

Petitioner's Rule 35 Motion, titled "Motion for reduction or modification of sentences," invokes the court's "discretion . . . to reduce the harsh sentences heretofore imposed by this court," and asserts that "the total amount of incarcerated time is excessive and harsh being that I[']m not eligible to meet with the parole board until 2024." (ECF No. 21-3 at 2). Petitioner also points to his good conduct and education while incarcerated and suggests a list of alternative sentences, including house arrest, probation, community corrections, and community service. (ECF No. 21-

3 at 2-3.) The PF&R, relying on the federal courts' policy to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions," suggests Petitioner's requests in this motion are proper for a Rule 35(b) motion, and concludes that his Rule 35 Motion should be construed under that subsection. (ECF No. 24 at 17 (quoting *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003).))

The Court finds the conclusion of the PF&R unpersuasive. While federal courts unquestionably have a policy of liberally construing *pro se* filings, which can include the practice of recharacterizing post-conviction motions according to their contents, this practice started in the pre-AEDPA era as a way to help petitioners access the proper vehicle for relief. *United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir. 2002) ("A number of circuits, ours included, approved this practice because at the time it benefitted the prisoner."). In the post-AEDPA landscape, where such recharacterizations could cause petitioners' later submissions to be considered "successive" motions, courts must first apprise *pro se* litigants of the intent to recharacterize their motions, warn them of the consequences, and provide them an opportunity to withdraw such motions. *Castro v. United States*, 540 U.S. 375, 383 (2003). While this reasoning is not directly applicable, given that the PF&R recharacterizes a state court motion, it is noteworthy that the policy of recharacterization initiated as a way to assist petitioners, and when it may be applied to their potential detriment, they must be properly notified.

West Virginia's policy on *pro se* filings evidences a similar motivation. The WVSCA has counseled that courts should "painstakingly strive to insure that no person's cause or defense is defeated solely by reason of their unfamiliarity with procedural or evidentiary rules" and "strive . . . to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent

omission or mistake." *Blair v. Maynard*, 324 S.E.2d 391, 396 (W. Va. 1984). While this policy does not speak directly to the present disposition, it is relevant that this policy also focuses on assisting *pro se* litigants. Thus, the PF&R's recommendation to construe Petitioner's Rule 35 Motion as a Rule 35(b) motion seems inconsistent with the rationale behind both court systems' policies of treating *pro se* filings liberally.

Instead, the Court finds persuasive the Eleventh Circuit's reasoning that *Artuz* precludes federal courts from looking beyond the face of an application for collateral relief to determine if it was brought under the correct statutory vehicle, and thus "properly filed." *Delancy v. Florida Dep't of Corr.*, 246 F.3d 1328, 1330-31 (11th Cir. 2001) (per curiam). The Eleventh Circuit rejected the district court's conclusion that, because a petitioner brought claims in a motion filed under Florida Rule of Criminal Procedure 3.800 that should have been filed in a motion under Rule 3.850, his motion was not "properly filed" for the purposes of AEDPA tolling. *Id.* at 1329-31. The court held that the district court "erred in looking beyond the face" of the petitioner's motion, and found that since the motion met the filing requirements for the rule it was filed under, it was properly filed for the purpose of AEDPA tolling. *Id.* at 1331.

Based on this reasoning, the Court finds the PF&R erred in looking at the contents of the Rule 35 motion to determine if it was "properly filed." Petitioner filed the motion with explicit reference to Rule 35(a); though his claims may have been proper for a Rule 35(b) motion, that analysis requires the Court to look beyond the face of the motion. As such, the Court finds that Petitioner's Rule 35 Motion was brought under Rule 35(a), and thus was "properly filed" for the purposes of tolling § 2244(d)(2). As a result, the Court finds Petitioner's § 2254 Petition is timely filed.

## IV. CONCLUSION

For the reasons set forth above, the Court **SUSTAINS** the Objections (ECF No. 25), **DECLINES TO ADOPT** the PF&R (ECF No. 24), and **DENIES** the Motion to Dismiss (ECF No. 11), **DENIES WITHOUT PREJUDICE** the Motion for Partial Summary Judgment (ECF No. 16), **DENIES** the Motion for Post-Conviction Bond (ECF No. 23), and **RE-REFERS** this action to Magistrate Judge Eifert for further consideration and submission of proposed findings and recommendations for disposition.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 24, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE